**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PALANI KARUPAIYAN, PP, RP[1]<br><br>        Plaintiffs,<br><br>v.<br><br>WIPRO LIMITED, THIERY DELAPORTE, ABIDALI NEEMUCHWALA, T.K. KURIEN, AZIM HASHIN PREMJI, WIPRO ENTERPRISE LTD, IDC TECHNOLOGIES, and PRATEEK GATTANI,<br><br>        Defendants. | Case No. 3:23-2005 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

Plaintiff is a resident of Philadelphia, Pennsylvania, proceeding *pro se* against Wipro Limited, IDC Technologies, and various officers and ex-officers of these companies. (*See* ECF No. 1 at 1, ¶¶ 5-18, ¶¶ 28-36.) On April 9, 2023, Plaintiff filed an application to proceed *in forma pauperis* (IFP). (ECF No. 1-2.)

---

[1] Plaintiff Palani Karupaiyan appears to assert claims on behalf of his son, PP, and daughter, RP and requests that he be appointed guardian ad litem. (ECF No. 1 at 7, 41.) The Court need not address this issue for purposes of the Court's review of Plaintiff's IFP and Complaint. *But see Karupaiyan v. Woodbridge Twp. of NJ*, Civ. No. 21-19737, 2022 WL 18859991, at *1 n.1 (D.N.J. Aug. 19, 2022), *aff'd sub nom. Karupaiyan v. Twp. of Woodbridge*, No. 22-2949, 2023 WL 2182375 (3d Cir. Feb. 23, 2023), *cert. dismissed sub nom. Karupaiyan v. Twp. of Woodbridge, New Jersey*, 143 S. Ct. 1775 (2023) (Noting that "a parent cannot represent the interests of his or her minor children pro se.").

1

Plaintiff's Application to proceed IFP will be denied without prejudice because the Application is incomplete and internally inconsistent. For example, although a spouse is listed, (ECF No. 1-2 at 3), the fields relating to spousal income, employment history, and expenses are left blank. (ECF No. 1-2 at 1, 4.)[2] Additionally, a monthly expense of $3,800 is listed for "Alimony, maintenance, and support paid to others," but "total monthly expenses" is listed as $890, indicating that the $3,800 figure was not used to calculate the total. (*Id.* at 4, 5.) Because the IFP application is incomplete and inconsistent, this Court will also administratively terminate this case for docket management purposes. Plaintiff may seek to reopen this action either by paying the Court's filing fee or by submitting a complete and consistent IFP application within 30 days with an amended Complaint curing the deficiencies set forth herein.

## I. FACTUAL BACKGROUND

Plaintiff's complaint contains a wide variety of different claims and allegations, which will be partially summarized here. First, Plaintiff makes a complex series of allegations to the general effect that Defendants are conducting fake interviews of U.S. citizens in order to obtain additional H-1B visas. (ECF No. 1 at ¶¶ 69-81.) Plaintiff further argues that Defendants committed tax evasion and money laundering because they outsourced labor to foreign employees, which decreased the amount of income and payroll that is taxable in the United States. (*Id.* at ¶ 81, 82.) Plaintiff further alleges that Defendants' recruitment officers admitted that they refused to hire him as a software engineer because he was too old, a U.S. citizen, and has diabetes. (*Id.* at ¶ 91-99.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), this Court must screen complaints filed with IFP

---

[2] Page numbers for record citations (*i.e.*, "ECF No.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

applications. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)" ("Rule"). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the well-pleaded facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

3

Rule 8 sets forth general rules of pleading, and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct."

### III.  DISCUSSION

The Court recognizes that it must liberally construe Plaintiff's submission because he is pro se. *See Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the *pro se* litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name.") Plaintiff's claims fall into three main categories: first, actions brought under criminal and tax statutes which do not create private rights of action or do not create private rights of action for people in Plaintiff's circumstances; second, discrimination claims under federal law which require certain administrative steps prior to filing a civil action; and third, various other claims whose legal sufficiency the Court will not rule on at this time.

The claims under criminal and tax statutes which do not create a private right of action will be dismissed with prejudice. *See, e.g., Weeks v. Bowman*, Civ. No. 16-9050, 2017 WL 557332, at *2 (D.N.J. Feb. 10, 2017) (dismissing complaint based on criminal statutes for lack of a private cause of action). All other counts are dismissed without prejudice. If Plaintiff chooses to file an amended complaint, any claims he brings will still be subject to the *sua sponte* Rule 12(b)(6) analysis described above.

#### A. Claims under laws which do not create private rights of action for Plaintiff

Counts 7, 12, 13, 14, 15, 16, and 17 are all based on accusations of tax evasion and money laundering. (ECF No. 1 at ¶¶ 313, 324-31.) Each is based on a subset of: 18 U.S.C. §§ 1952, 1956, 1957, 1960; 31 U.S.C. §§ 5322, 5324, 5332; and 26 U.S.C. §§ 7201, 7203, 7206, 7623(d). (*Id.*) Criminal codes do not usually create private rights of action. *See, e.g., Weeks*, 2017 WL

4

557332 at *2 (dismissing complaint based on criminal statutes for lack of a private cause of action). Further, each of the specific statutes Plaintiff cites has previously been found to lack an implied private right of action.

Plaintiff's claims under Title 18 of the United States Code relate to racketeering, money laundering, transactions involving criminally derived property, and unlicensed money transmitting businesses. *See* 18 U.S.C. §§ 1952, 1956, 1957, and 1960. None of these provide a private right of action. *See Schwartz v. F.S. & O. Assocs., Inc.*, Civ. No. 90-1606, 1991 WL 208056, at *3 (S.D.N.Y. Sept. 27, 1991) ("[V]iolations of 18 U.S.C. §§ 1952, 1956 & 1957 do not create private rights of action"); *Barrett v. City of Allentown*, 152 F.R.D. 50, 56 (E.D. Pa. 1993) ("No civil action has been held to exist under either 18 U.S.C. § 1952 or 18 U.S.C. § 1956."); *Monge v. Nevarez L. Firm*, Civ. No. 20-1118, 2020 WL 6485041, at *1 (D.N.M. Nov. 4, 2020) (Finding no private cause of action under 18 U.S.C. §§ 1952, 1956, 1957, 1960 among others).

Likewise, there is no private cause of action under any of 31 U.S.C. §§ 5322, 5324, or 5332. *See Kraft v. Off. of the Comptroller of Currency*, Civ. No. 20-04111, 2021 WL 1251393, at *4 (D.S.D. Apr. 5, 2021) ("Under 31 U.S.C. §§ 5321 and 5322, the United States is the only party authorized to seek civil or criminal penalties for any violation of the Bank Secrecy Act or accompanying regulation."); *Lundstedt v. Deutsche Bank Nat'l Tr. Co.*, Civ. No. 13-001423, 2016 WL 3101999, at *5 (D. Conn. June 2, 2016) ("Bank Secrecy Act . . . 31 U.S.C. §§ 5318(g) and 5322(a) . . . does not, however, create a private right of action."); *Bertsch v. Discover Fin. Servs.*, Civ. No. 218-00290, 2019 WL 1083773, at *4 (D. Nev. Mar. 6, 2019) (citing *Martinez Colon v. Santander Nat. Bank*, 4 F.Supp. 2d 53, 57 (D.P.R. 1998)) ("Nor does a private right of action arise from the specific provision of Title 31 cited in Plaintiff's Complaint, § 5324."); *Deramus v. Shapiro Schwartz, LLP*, Civ. No. 19-4683, 2020 WL 3493545, at *2 (S.D. Tex. June 2, 2020), *report and*

*recommendation adopted*, Civ. No. 19-4683, 2020 WL 3491960 (S.D. Tex. June 26, 2020) ("[Because] 31 U.S.C. §§ . . . 5311-5332 . . . do not display any indication of Congressional intent to create a private right and a private remedy, Plaintiff's claims for violation of these statutes should be dismissed with prejudice under Rule 12(b)(6)").

Sections 7201, 7203, and 7206 of the Internal Revenue Code also do not grant a private right of action. Private civil actions for recovery of taxes are not permitted without special authorization from the Executive Branch. 26 U.S.C. § 7401; *see also Woermer v. Hirsh*, Civ. No. 18-01898, 2018 WL 7572237, at *4 (D. Conn. Dec. 11, 2018) ("This statute [26 U.S.C. § 7201] does not create a private right of action."); *Johnson v. Cullen*, 925 F. Supp. 244, 251 (D. Del. 1996) ("[T]here is no private right of action available to plaintiffs under . . . 26 U.S.C. § 7206."); *Gonzalez v. Auto Finders LLC*, Civ. No. 12-2571, 2012 WL 1813466, at *1 (E.D. Pa. May 15, 2012) (citing *Rumfelt v. Jazzie Pools, Inc.*, Civ. No. 11–217, 2011 WL 2144553, at *5 (E.D.Va. May 31, 2011)) (finding no private right of action under § 7206); *Small v. Mortg. Elec. Registration Sys., Inc.*, Civ. No. 09-0458, 2010 WL 3719314, at *9 (E.D. Cal. Sept. 16, 2010) (finding no private right of action under §§ 7203, 7206)).

Unlike the other tax statutes named in the complaint, 26 U.S.C. § 7623 does provide a private right of action, but only by an employee in response to employer retaliation against whistleblowers. 26 U.S.C. §7623(d) (allowing employees who face retaliation for providing information to the government concerning their employer's tax misconduct to first file a complaint with the Secretary of Labor and then to pursue a civil action if the Secretary does not issue a final decision in 180 days; completely silent on non-employees). Because Plaintiff does not allege that he has ever been retaliated against by any of the defendants for acting as a whistleblower or that he has contacted the Secretary, he also has no right of action under § 7623.

6

Plaintiff additionally references the New Jersey and New York Money Laundering Acts, but fails to allege any facts to support a cause of action under these Acts. As such, Plaintiff's claims under the New Jersey and New York Money Laundering Acts will be dismissed without prejudice.

### B. Federal discrimination claims for which administrative relief has not been exhausted

Plaintiff seeks relief in Counts 1, 2, 3, 4, 5, 6, and 7 for discrimination on the bases of age, disability status, and citizenship status. (ECF No. 1 at ¶¶ 301-15.) In particular, Plaintiff seeks recovery under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Genetic Information Nondiscrimination Act, and the Immigration and Nationality Act. (*Id.*) Plaintiff has filed a previous complaint against Defendants through the Equal Opportunity Employment Commission and the Occupational Health and Safety Administration, but Plaintiff has not alleged that these proceedings have concluded or that he has received a right to sue letter. (*Id.* at ¶¶ 134-37.) Plaintiff's Complaint is deficient in that it fails to explain the status of his various administrative claims.

Prior to filing a lawsuit under Title VII, a plaintiff must first exhaust his or her administrative remedies. *Love v. Pullman Co.*, 404 U.S. 522, 523 (1972); *see also Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir 1999) (failure to exhaust administrative remedies under Title VII is generally required and is analyzed under Rule 12(b)(6)); *Santiago v. City of Vineland*, 107 F.Supp. 2d 512, 528 (D.N.J. 2000) ("Before instituting an action under Title VII, a plaintiff must timely file his claim with the EEOC and obtain a right to sue letter from the agency."). The Americans with Disabilities Act (ADA) and the Genetic Information Nondiscrimination Act (GINA) have the same EEOC exhaustion requirement as Title VII. *See* 42 U.S.C. § 12117(a); 42 U.S.C § 2000ff-6(a); *Itiowe v. NBC Universal Inc.*, 556 Fed. Appx. 126, 128 (3d Cir. 2014)

7

(finding that the ADA requires plaintiffs to pursue administrative remedies before bringing a claim in federal court); *Williams v. City of Chicago*, 616 F. Supp. 3d 808, 813 (N.D. Ill. 2022) ("Before filing an ADA or GINA claim, a plaintiff must file a charge with the EEOC within 300 days of the date of the alleged discriminatory act and receive a 'notice of right to sue' letter.").

The Age Discrimination in Employment Act (ADEA) also requires certain administrative steps. 29 U.S.C. § 626(d) (filing with the EEOC is a prerequisite to civil action); *Slingland v. Donahoe*, 542 Fed. Appx. 189, 191 (3rd Cir. 2013) ("The ADEA [like title VII] requires a plaintiff to exhaust all available remedies when she elects to proceed administratively . . . Failure to exhaust administrative remedies is an affirmative defense . . . [and] it is grounds for dismissal on a Rule 12(b)(6) motion."). Unlike under Title VII, a plaintiff can sue under the ADEA without first obtaining a right to sue letter from the EEOC. 29 U.S.C. § 626(c)(1). Plaintiff's allegations surrounding his ADEA claim are deficient, though, as the Complaint does not elaborate on the factual basis of the ADEA claim with specificity as required by Rule 8.

Plaintiff also claims to have been discriminated against on the basis of citizenship, and sues under the Immigration and Nationality Act (INA). (ECF No. 1 at ¶¶ 307-14, 321.) Before commencing a private action under the INA, the charge should first be sent to the Office of Special Counsel for Immigration-Related Unfair Employment Practices. 8 U.S.C. § 1324b(d)(2); *see, e.g.*, *Mayers v. Washington Adventist Hosp.*, 131 F. Supp. 2d 743, 746–47 (D. Md.), *aff'd*, 22 F. App'x 158 (4th Cir. 2001) ("[T]he IRCA requires a claimant to file a charge with the Office of Special Counsel for Immigration–Related Unfair Employment Practices before [pursuing] a private action against the employer."). However, Plaintiff does not allege any facts about whether he sent a charge to the Office of Special Counsel prior to filing this lawsuit. As a result, Plaintiff's claim

under the INA is dismissed without prejudice because Plaintiff does not specify whether he has brought his claim before the Office of Special Counsel.

### C. Other claims

Plaintiff makes a variety of other claims, including "Harassment," "Fraud," "Bait and Switch," "Conducting Fake Interview," "Unjust Enrichment", and "Dishonoring Court Order." (ECF No. 1 at ¶¶ 318-23, 332-37.) The Complaint's failure to provide a detailed factual basis for each claim renders it deficient under Rule 8 and Rule 9[3]. Additionally, the Complaint fails to provide a specific legal basis for each claim – it is not clear, for example, why Defendant Wipro's saying a "bad word" about Plaintiff's earlier family court order would constitute "Dishonoring Court Order" or entitle Plaintiff to relief. (*Id.* at ¶ 337.) Similarly, Plaintiff references New York Human Rights Law (NYHRL) or New York City Human Rights Law (NYCHRL), (*Id.* at 5, 6), but fails to provide information about why these laws should apply to a Pennsylvania citizen suing in a New Jersey court for activities which took place in New Jersey. *See, e.g., Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 180 (3rd Cir. 2014) (noting that a New Jersey court first determines whether a conflict exists between the laws of potentially relevant states, and if there is an actual conflict, applies the law of the state that has the most significant relationship to the case and parties).

---

[3] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This heightened pleading standard for allegations of fraud requires a plaintiff to be specific about which actions by the defendant constitute the fraud, the individuals involved, the location, and the timing. *See GSC Partners CDO Fund v. Washington*, 368 F.3d 228, 239 (3d Cir.2004) (noting that Rule 9(b) requires "the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue").

Finally, Plaintiff seeks relief against the Prime Minister of the United Kingdom, Rishi Sunak, and asks the Court to order that Prime Minister Sunak be barred from participating in any government worldwide. (*Id.* at 41.) The complaint does not provide any reasoning for this request or name Prime Minister Sunak as a defendant or a legal basis for his request. As such, any potential claim against Prime Minister Sunak is dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is **DENIED WITHOUT PREJUDICE.** Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** with respect to actions brought under 18 U.S.C. §§ 1952, 1956, 1957, 1960; 31 U.S.C. §§ 5322, 5324, 5332; and 26 U.S.C. §§ 7201, 7203, 7206, and **DISMISSED WITHOUT PREJUDICE** with respect to his remaining claims. An appropriate Order will follow.

Date: July 31, 2023

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE